**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL STEPHENS,

    Plaintiff,

v.                                                               No. CIV 06-296 LFG

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on Plaintiff Michael Stephens' ("Stephens") Motion for an Amended Order Awarding Attorney Fees under the Equal Access to Justice Act, filed April 3, 2007. [Doc. 25.] The motion is fully briefed and ready for resolution. [Doc. Nos. 26, 27, 28.] After careful consideration of the pertinent law and pleadings, the Court grants Plaintiff's request, thereby amending its prior Order Awarding EAJA Fees to Plaintiff as described herein.

**Background**

On September 12, 2006, Stephens filed a motion to reverse or remand with respect to the Social Security Administration's denial of his application for disability insurance benefits. [Doc. 14.] On January 26, 2007, the Court issued a Memorandum Opinion and Order granting Stephens' motion and remanding the matter for additional administrative proceedings as described in the Court's Order. [Doc. 19.] Judgment in favor of Plaintiff was also entered on January 26, 2007. [Doc. 20.]

1

On February 26, 2007, Stephens filed a motion requesting that the Court "award <u>to his</u> <u>attorneys</u>" fees and costs in the amount of $3532.75, plus $363.75, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (emphasis added). [Doc. Nos. 21, 22.] The government's March 15, 2007 response noted no objection to Plaintiff's request for approval of the award of fees and costs. [Doc. 23.] On March 16, 2007, the Court entered an Order granting Stephens' unopposed motion for attorney's fees and costs. [Doc. 24.] The Order stated, in part:

> IT IS THEREFORE ORDERED that Plaintiff's motion is granted and attorney fees in the amount of $3,532.75 and costs in the amount of $363.75 are awarded to Plaintiff pursuant to 28 U.S.C. § 2412(d).

[Doc. 24.]

## Stephens' Motion for Amended Order Awarding EAJA Fees

On April 3, 2007, Stephens filed the present motion requesting that the Court enter an amended Order awarding EAJA fees specifically to his attorneys, "as authorized by EAJA." [Doc. 25, p. 1.] In the motion, Stephens notes that the original motion for EAJA fees "was phrased so that fees would be awarded to counsel" directly. Instead, however, the Court's Order granted EAJA fees to "Plaintiff."[1]

Although the government did not oppose the amount of the EAJA fee and costs, it opposes the motion for an amended order awarding EAJA fees to Plaintiff's counsel. In addition, Defendant state that the Commissioner "effectuated payment of EAJA fees in the amount of $3,532.75 to Plaintiff. Thus, it appears that the EAJA fee award has been made, in full, to Stephens.

---

[1]Although not expressly stated in Plaintiff's motion to amend, the Court assumes, without knowing, that there may be some difficulty in counsel recovering his fees from his client. This matter could possibly be resolved without further action by the Commissioner (as described *infra*) if this Order prompts Stephens to make payment to his attorney of the EAJA attorney fee and cost award.

**Pertinent Legal Standard**

Attorney's fees for work in Social Security proceedings may be awarded under two different statutes: EAJA, 28 U.S.C.§ 2412(d)(2)(A) and the Social Security Act ("SSA"), 42 U.S.C. § 406(b)(1). These statutes provide for two different kinds of fees. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). "EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits." Id. (internal citation omitted). Fees awarded under the SSA "satisfy a client's obligation to counsel and are, therefore, paid out of the plaintiff's social security benefit award, while EAJA fees penalize the Commissioner for assuming an unjustified legal position, and therefore, are paid out of the agency's funds. Id. "In that vein, an EAJA award is to the claimant, while counsel receives an SSA award." Id. If counsel is awarded fees under both statutes, counsel must refund the smaller amount to the claimant. Id. In McGraw, the Tenth Circuit further noted that "[o]ne of the primary benefits of [SSA fee awards] . . . from counsel's perspective, is that they authorize the Commissioner to deduct the approved fees from the claimant's past-due benefits and pay them directly to counsel." Id. at 498.

Based on the Tenth Circuit's language in McGraw, it appears that the Court envisions payments of EAJA fee awards be made to the party rather than directly to the attorney.[2] The text of EAJA supports this interpretation:

> . . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction. . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In other words, the statutory language mentions only the "prevailing party" or the "party," but does not discuss the party's attorney. The statute also provides:

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award . . ., including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B). This language further supports the interpretation that an EAJA fee award is made directly to the client or prevailing party. The "party," not the attorney, submits the application for fees, along with the attorney's itemized bill.

---

[2] Footnote 2 in McGraw, however, might be interpreted to mean that EAJA fees should be paid directly to the attorney. The Circuit Court noted that McGraw's attorney, when awarded fees under both EAJA and the SSA, sought to fulfill his obligation of paying the smaller amount to the client by deducting the amount of his EAJA fee from his SSA fee request so that the Commissioner would make a larger refund to the client. The district court disapproved of that practice, and the Circuit stated it "believed that is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner." Id. at 497, n. 2. That would mean that the attorney received the EAJA fee award so that the attorney could then refund the smaller amount of the two fees to the client. Thus, McGraw is not entirely clear as to whether the Commissioner must pay the EAJA fees directly to the party.

In <u>Reeves v. Barnhart</u>, 473 F. Supp. 2d 1173 (N.D. Ala. 2007), the federal district court addressed a similar issue: whether only the plaintiff's attorney, rather than the client, had a real interest in the fee payment. <u>Id.</u> at 1175-76. In analyzing the statutory language, the Court determined that these same EAJA provisions (*see, supra*) "clearly manifest[] Congress' intent that the prevailing party's attorney is not considered to be an applicant [for fees] under EAJA." <u>Id.</u> at 1176.[3]

Notwithstanding this authority and interpretation of EAJA, there are strong policy reasons, along with case law, that favor direct payment of EAJA fees to the applicant's attorney. In <u>Davidson v. Sullivan</u>, 1992 WL 368014 (N.D. Ill. Dec. 1, 1992),[4] the federal district court amended its judgment to award fees to the attorney directly. In so doing, the court noted that the issue of who should receive the EAJA check was a question of first impression.

> That is, [plaintiff's attorney] requested that the check in payment of the fees be made payable directly to him. . . . Without more, the court would have assumed that the mechanics for payment of a judgment under the EAJA are resolved informally between a prevailing party, its attorney and the government.

<u>Davidson</u>, 1992 WL 368014 at *2.

In <u>Davidson</u>, the Court observed that Plaintiff's briefing of the issue did not support direct payment to counsel even though case authority existed at the time awarding EAJA fees directly to an attorney. <u>Id.</u> (*citing* <u>Secatore v. Sec'y of Health and Human Services</u>, 732 F. Supp. 1569 (S.D. Fla. 1990)). The Court, in <u>Davidson</u>, also cited a Seventh Circuit Court of Appeals decision in which

---

[3]The Court noted a distinction when the prevailing party is a *pro se* plaintiff. The general rule is that *pro se* plaintiffs are not entitled to EAJA fee payments. <u>Id.</u> at 1177.

[4]The Court acknowledges that <u>Davidson</u>, is an unpublished, out-of-district opinion that is not binding. However, the Court finds it informative in analyzing the present issue.

5

the Circuit Court determined that an attorney could petition the court directly for fees "where it is clear that the attorney was acting on behalf of the client at the time the fees were incurred." Id. at *3 (*citing* Lowrance v. Hacker, 966 F.2d 1153, 1156-57 (7th Cir. 1992)).

The Court in Davidson articulated a number of policy reasons for making the EAJA attorney fee award directly to the attorney rather than the client. The Court perceived a "potential for unfairness if the client refused to endorse a check over to [the attorney]." Id.

> To make an EAJA fee award payable to counsel is not inimical to EAJA's purpose. Prosecution of a successful EAJA claim unquestionably benefits the client by reducing the cost of legal services. However, an attorney might lack the incentive to bring the EAJA motion if he knew that the award would be payable to a client who might then refuse to turn over any portion of that payment. Where, as here, the potential EAJA award is larger than the award of fees under SSA § 406(b)(1), the attorney would not have the incentive to bring the EAJA motion unless he was assured of receiving the excess of EAJA fees over SSA fees. If the client received the larger award, and refused to pay the attorney the difference between the two awards, the client would receive something of a windfall, while the attorney would be undercompensated for his work.
>
> While the amount paid out by the government is the same regardless of whether client or attorney receives a particular payment of EAJA fees, there would be an economic advantage to the Government if less EAJA motions were brought. Without ascribing an ulterior motive to the government here, this court felt that there would generally be fewer EAJA motions if attorneys feared that they would not be compensated for that aspect of their work for a client.

Id. Because of these policy considerations and case law, the Court allowed the requested amendment to an earlier order awarding EAJA fees. Id.

In Secatore, one of the cases cited in Davidson, another federal district court awarded EAJA fees to the plaintiff's attorney. Secatore, 732 F. Supp. at 1572. The question in Secatore was different than the issue before this Court. In Secatore, the Court determined a plaintiff's attorney,

who received full compensation under EAJA for services performed on behalf of a social security client, could not also receive a portion of the client's recovery under the SSA fee provision. However, the Court authorized the EAJA fee award to be paid directly to the plaintiff's attorney.

The Court reasoned, in part, that "[t]hrough the EAJA, Congress sought to ensure that persons would not '"be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights."'" Id. at 1570 (internal quotation omitted). The Court further noted that "[t]he EAJA requires the Government to fully compensate plaintiff's counsel for all work done in connection with representation in Social Security cases . . . ." Id. (internal citation omitted) (emphasis added).

In Dixon-Townsell v. Barnhart, 445 F. Supp. 2d 1283, 1285 (D. Kan. 2006), the Court similarly concluded that EAJA attorney fees "are intended to compensate Plaintiff's attorney, not generate income for a claimant."[5] The District Court's supporting citation, "*see* Demerest v. Manspeaker, 948 F.2d 655, 656 (10th Cir. 1991)" is unhelpful since Demerest was a *pro se* plaintiff who would not have been entitled to an award of EAJA fees. Notwithstanding the citation to a *pro se* case, this Court agrees that EAJA fees are intended to compensate the plaintiff's attorney.

Like the Court in Davidson, this Court presumed that "the mechanics for payment of a judgment under the EAJA are resolved informally between a prevailing party, its attorney and the government." Indeed, the Court thought that counsel for the government and plaintiff would have

---

[5]*Compare* Reeves, 473 F. Supp. 2d at 1176-77 (distinguishing Dixon-Townsell and reaching a different result).

made arrangements, at a minimum, for a check to be made out in the names of both the client and his attorney.[6]

In this case, Plaintiff's motion specifically asked that the EAJA fee award be made to Stephens' attorneys, and the government did not object to the requested fee award or the language requesting that the EAJA fees be awarded to Plaintiff's counsel. Notwithstanding the request that the award be made to Stephens' attorneys, the Court's Order was general in nature and awarded the fees to Plaintiff.

Plaintiff's counsel now argues two scenarios exist under which counsel might not receive compensation for work on this case. The first would be if there is an offset to the EAJA fee award under the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716(c)(1)(A). This is what occurred in Dixon-Townsell. The plaintiff was awarded an EAJA fee award of $4,582.80, even though the motion for EAJA fees asked that the award be made to the plaintiff's counsel. Similar to the facts at hand, the fee award was uncontested in Dixon-Townsell, and the Order entered erroneously stated that the EAJA fee award was granted to Plaintiff and not Plaintiff's counsel. Dixon-Townsell, 445 F. Supp. 2d at 1284. The plaintiff's attorney learned thereafter that an administrative offset in the same amount of $4,582.80, was deducted from the EAJA fee award. Thus, no amount was left to pay counsel his EAJA fees. Id.

Although Stephens' attorneys make the argument here that an offset might also be deducted from the fee award, as noted by the government, no offset has been made, and there is no evidence of a debt owing to warrant an administrative offset. Stephens' attorneys make a second argument

---

[6] The Court recommends in the future that the parties make the necessary arrangements among themselves to avoid this type of unnecessary fee litigation.

that if unsuccessful upon remand, Stephens would have received the EAJA fee award in the amount of $3,896.50 for fees and costs, "that he did not pay," and his attorneys would be uncompensated.

In response to this scenario, the government states that Stephens' attorney would have the right to take appropriate measures to collect the debt from the client. The government further argues that the Court "should resist Plaintiff's preemptive approach" in counsel's attempt to collect his debt.

Because of Stephens' express request that the fees be awarded to his attorneys, the Court concludes that its prior Order granting fees to Plaintiff rather than counsel contained a clerical mistake that should be corrected under Fed. R. Civ. P. 60(a). Moreover, the Court reaches this conclusion based on policy reasons set forth above, e.g., EAJA fees assist parties in pursuing benefits notwithstanding the expense involved, EAJA fees are intended to compensate attorneys for their work, it is clear that Stephens' attorney was acting on Stephens' behalf at the time the fees were incurred, attorneys might lack the incentive to take social security cases if they thought they did not receive EAJA compensation, and the government accrues a benefit if fewer EAJA motions are filed.[7]

IT IS THEREFORE ORDERED that Motion for an Amended Order Awarding Attorney Fees under the Equal Access to Justice Act [Doc. 25] is GRANTED;

IT IS FURTHER ORDERED that because the fees already have been paid to Plaintiff, the Commissioner, as the disbursing official, make an official request to Plaintiff, within 15 (fifteen) days after entry of this Order, to return to the Commissioner the amount of the EAJA fees and costs paid to Plaintiff; and

---

[7]The Court also reaches this conclusion because there is case law permitting payment of EAJA attorney fees directly to counsel, and because the Tenth Circuit's decision in McGraw did not provide clear direction on this point. McGraw, 450 F.3d at 497 n.2.

IT IS FURTHER ORDERED that once payment is returned to the Commissioner from Plaintiff, the Court's prior Order [Doc. 19] awarding EAJA fees to Plaintiff is amended to award fees to Plaintiff's attorney, with the result that the Commissioner make the EAJA payment directly to Stephens' attorney.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge